UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIRST BAPTIST CHURCH OF SATSUMA,
                Plaintiff,

                                          1:23-cv-11031-KPF

  -against-

MT. HAWLEY INSURANCE COMPANY        **LETTER REQUESTING EXTENSION OF DEALINE TO AMEND PLEADINGS AND LEAVE TO AMEND**

                                    Defendant.

Dear Judge Failla:

Pursuant to Rule 2.C.i. of Your Honor's Individual Rules & Practice in Civil Cases, Defendant Mt. Hawley Insurance Company hereby submits this letter requesting an extension of the deadline for motions for leave to amend pleadings set forth in the Court's October 22, 2024 Second Revised Civil Case Management Plan and Scheduling Order (ECF Doc. 40).  Specifically, Mt. Hawley intends to seek leave to amend its Answer and Affirmative Defenses (ECF Doc. 3) in order to add a single affirmative defense that was inadvertently omitted due to a good faith mistake.

The affirmative defense in question is a provision in the subject Mt. Hawley insurance policy requiring that any legal action against Mt. Hawley must be brought within two years after the date on which the direct physical loss or damage occurred.  This is a first-party property insurance coverage lawsuit concerning hurricane damage to Plaintiff's commercial property allegedly caused by Hurricane Sally on September 16, 2020.  This lawsuit was filed over three years later on October 11, 2023.

The deadline for motions for leave to amend pleadings set forth in the Second Revised Civil Case Management Plan and Scheduling Order was November 22, 2024 (30 days after the date of the order).  Mt. Hawley understands that Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order may be modified only for "good cause."  With respect to requests for leave to amend pleadings, however, the Second Circuit has held that the lenient standard of Rule 15(a) must be balanced against the good cause requirement of Rule 16(b).  *Gorman v. Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting *Grochowski v. Phx. Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)); *see also Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014); *Kontrick v. Ryan*, 540 U.S. 443, 445, 124 S. Ct. 906, 909, 157 L. Ed. 2d 867 (2004) ("An answer may be amended to include an inadvertently omitted affirmative defense, and even after the time to amend 'of course' has passed, 'leave [to amend] shall be freely given when justice so requires.'").  The Second Circuit has also held that diligence is not the only consideration for granting leave to amend pleadings, and district courts have broad discretion to consider other factors, in particular, whether allowing the amendment will prejudice the non-moving party.  *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).  For the reasons set forth below, leave to amend is justified.

**(1) Mt. Hawley's omission of the affirmative defense in question was a good faith mistake, as evidenced by the fact that Mt. Hawley identified and relied on the affirmative defense in its sworn discovery responses served on April 8, 2024**. Despite the inadvertent omission from its Answer, Mt. Hawley has consistently relied on this affirmative defense during this litigation. As stated, the defense was specifically set forth in Mt. Hawley's sworn response to Plaintiff's interrogatory requesting that Mt. Hawley identify and describe the factual and legal bases for all of its policy defenses. (*See* **Exhibit 3**, Mt. Hawley's Discovery Responses, at p. 5, "**LEGAL ACTION AGAINST US**"). Mt. Hawley served these interrogatory responses on April 8, 2024, putting Plaintiff on notice that Mt. Hawley intended to assert and rely on this policy defense.

**(2) Plaintiff will suffer no prejudice from the amendment, and the amendment will not require any other scheduling order deadlines to be adjusted**. As noted above, Plaintiff was put on notice of Mt. Hawley's intent to rely on this policy defense on April 8, 2024 and has had ample time to conduct whatever additional discovery deemed necessary. Of course, no additional discovery is needed because there are only two facts relevant to this defense—the date on which the lawsuit was filed and the date on which the alleged loss or damage to the Property occurred—and neither fact is in dispute. As such, the amendment will not result in any prejudice to Plaintiff or any further extension of discovery or any other deadline set forth in the Court's Second Revised Case Management Plan and Scheduling Order.

**(3) Mt. Hawley is promptly moving to rectify this mistake after discovering it**. Mt. Hawley only recently discovered that it inadvertently omitted this affirmative defense while beginning to draft its pre-motion submission for a summary judgment motion. Mt. Hawley is immediately moving to rectify this mistake.

**(4) The proposed amendment will not be futile**.

As stated above, Mt. Hawley seeks to add a single affirmative defense based on the following suit limitations provision in the subject Mt. Hawley Policy:   .

> **D. LEGAL ACTION AGAINST US**
> No one may bring a legal action against us under this Coverage Part unless:
> 1. There has been full compliance with all of the terms of this Coverage Part; and
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

New York law applies to this dispute pursuant to a New York choice-of-law provision in the Policy which states as follows:

> All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules)

Two-year suit limitations periods in insurance policies are generally enforced under New York law. *See Francabandiero v. Nat'l Gen. Ins. Co.*, No. 22-CV-00641 (JJM), 2023 WL 2253194, at

*4 (W.D.N.Y. Feb. 23, 2023), citing *Romain v. State Farm Fire and Casualty Co.*, 2022 WL 16798055, *3 (E.D.N.Y. 2022)).

Mt. Hawley's proposed First Amended Answer is attached hereto as **Exhibit 1** (a redline version is attached as **Exhibit 2**). The only substantive change to the First Amended Answer is the addition of the Tenth Affirmative Defense.[1] The affirmative defense in question is a provision in the subject Mt. Hawley insurance policy requiring that any legal action against Mt. Hawley must be brought within two years after the date on which the direct physical loss or damage occurred.

As such the proposed amendment is clearly not futile.

**(5) Precedent supports leave to amend**. In *Woelfle v. Black & Decker (U.S.), Inc.*, Judge Sessions of the Western District of Texas granted the defendant leave to amend its answer to correct a mistaken admission that the defendant had assembled the saw that was the subject of the lawsuit. No. 1:18-CV-486, 2021 WL 6797296, at *1 (W.D.N.Y. Mar. 10, 2021). In that case, counsel for defendant discovered the mistake while responding to discovery requests after the original deadline to amend pleadings. The court explained that the lenient standard under Rule 15 must be balanced against the requirement for diligence under Rule 16. The court also recognized its broad discretion to consider other relevant facts beyond diligence such as whether the amendment would prejudice the plaintiff. The court noted that the balance in that case weighed heavily in favor of granting leave to amend, that defendant's counsel had established good cause by its diligence in swiftly moving to amend upon discovering the error in the pleadings, and that any potential prejudice to the plaintiff in the form of additional discovery could be cured by an extension of the discovery deadline.

In this case, Mt. Hawley is likewise swiftly moving to amend its answer upon discovering the error in its pleading. Furthermore, there is no prejudice in this case because there is no need for any additional discovery concerning this affirmative defense, which is premised upon two facts which are not in dispute.

Although it was decided under the Rule 15 standard allowing parties to freely amend pleadings, Judge Matsumoto of the Eastern District of New York granted the defendant's motion to amend its pleading to include an inadvertently omitted limitations defense in *Boda v. Phelan*, No. 11-CV-00028 KAM, 2012 WL 3241213, at *2 (E.D.N.Y. Aug. 6, 2012). The court concluded that the plaintiff would not be prejudiced by the amendment because a limitations defense would not require significant additional discovery and there was no evidence of bad faith or dilatory tactics.

In *Cont'l Airlines, Inc. v. Lelakis*, 943 F. Supp. 300, 309 n.6 (S.D.N.Y. 1996), aff'd, 129 F.3d 113 (2d Cir. 1997), also decided solely under the lenient Rule 15 standard, the court went so far as to consider an affirmative defense that had not been pled in evaluating a motion for summary judgment because leave for amend would be freely granted if the Rule 15 requirements were met.

**(6) Counsel for Defendant has conferred with counsel for Plaintiff, and Plaintiff is opposed to the requested relief**.

---

[1] The proposed First Amended Complaint also contains minor changes to the allegations regarding venue and jurisdiction because this case was subsequently transferred to this Court after Mt. Hawley filed its original Answer.

<u>LETTER REQUESTING EXTENSION OF DEADLINE TO AMEND PLEADINGS</u>                                    Page 3

Dated: December 12, 2024              Respectfully Submitted,

/s/ Greg K. Winslett
GREG K. WINSLETT, *admitted pro hac vice*
Texas State Bar No. 21781900
RICHARD L. SMITH, III, *admitted pro hac vice*
Texas State Bar No. 24105110
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
rlsmith@qslwm.com

MATTHEW KRAUS, ESQ. (MK0621)
ANDREW J. FURMAN
**CHARTWELL LAW**
One Battery Park Plaza, Suite 710
New York, New York 10004
(212) 785-0757
mkraus@chartwell.com
afurman@chartwelllaw.com

***ATTORNEYS FOR DEFENDANTS***

Cc: Counsel for Plaintiff