**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FIRST BAPTIST CHURCH OF SATSUMA,
                                    Plaintiff,

                                                        1:23-cv-11031-KPF

        -against-

MT. HAWLEY INSURANCE COMPANY          **RESPONSE LETTER IN OPPOSITION**
                                      **TO DEFENDANT'S REQUEST FOR**
                                      **EXTENSION OF DEALINE TO**
                                      **AMEND PLEADINGS AND LEAVE TO**
                                      **AMEND**

                                Defendant.

Dear Judge Failla:

        COMES NOW, Plaintiff First Baptist Church of Satsuma, and submits this Response
Letter in Opposition to Defendant's Request for Extension of Deadline to Amend Pleadings and
Leave to Amend.

        This case is a dispute over the scope of hurricane damage to Plaintiff's church buildings,
and the cost to repair that damage.  Plaintiff seeks to recover its incurred and estimated repair
costs for this damage under the insurance policy issued to it by Defendant.  (ECF Doc. 1-3);
(ECF Docs. 25, 26) (Plaintiff's expert disclosures).  Defendant acknowledges that the insurance
policy provides certain coverage for damage to Plaintiff's buildings, but disputes the amounts
claimed by Plaintiff.  (ECF Doc. 3 at ¶¶ 8, 11-17).  Discovery in this case has been shaped by
this understanding of the dispute.  Namely, the parties each identified experts on the issues of
scope and cost to repair hurricane damage.  (ECF Docs. 25, 26); (Defendant's Expert Disclosure,
attached hereto as **Exhibit 1**).

        In response to Plaintiff's Complaint, Defendant plead specific policy provisions as
affirmative defenses.  (ECF Doc. 3).  Defendant did not plead the policy's suit limitation
provision as an affirmative defense.  Id.  Federal Rule of Civil Procedure 8(c) requires a
responding party to "affirmatively state any avoidance or affirmative defense, including . . .
statute of limitations."[1]  Defendant had several opportunities to timely seek leave to amend its
Answer, but did not avail itself of any of those opportunities.  *See* (ECF Docs. 22, 31, and 37 at ¶
3).  Of course, Defendant could have also amended its Answer without leave of court pursuant to
FED. R. CIV. PRO. 15(a)(1)(A).  It did not take advantage of that opportunity either.  Raising an

---

[1] While an insurance policy suit limitations provision is technically distinct from a statute of
limitations—one being a contractual provision and the other a statute—there can be no dispute
that Rule 8(c) required Defendant to affirmatively plead the limitations defense.

**RESPONSE TO DEFENDANT'S REQUEST FOR EXTENSION OF DEADLINE TO AMEND**
**PLEADINGS AND LEAVE TO AMEND**

affirmative defense in discovery responses, that was not plead in an answer, is insufficient to comply with Rule 8(c). *See e.g.*, <u>Brennan v. Roman Cath. Diocese of Syracuse of New York, Inc.</u>, 965 F. Supp. 2d 234, 245-47 (N.D.N.Y. 2013).

Furthermore, once a deadline for amending pleadings has been set by a Rule 16 Scheduling Order, a party seeking leave to amend after the expiration of that deadline must establish that "good cause" exists for amending the scheduling order. *See e.g.*, <u>In re Arelma, S.A.</u>, No. 19-MC-412 (LAK), 2023 WL 1796615, at *1-2 (S.D.N.Y. Feb. 7, 2023). In *In re Arelma, S.A.*, Judge Kaplan discussed the interplay between Rule 15 and Rule 16, finding that "[u]ndue prejudice is the standard for amending a pleading under Rule 15, not Rule 16 as applicable here. Under Rule 16, a finding of good cause depends on the diligence of the moving party. While a district court may consider other relevant factors, including any prejudice to the non-movant, the diligence of the moving party remains the primary consideration." <u>Id.</u> (internal quotations omitted).

Introduction of a suit limitations defense at this stage of the litigation[2] would drastically change the nature of the dispute, and thus the scope and timing of discovery. Specifically, if Defendant is allowed to add a suit limitations defense to the case, then that raises the issue of potential waiver of the suit limitations provision on which substantial discovery will be needed—substantial discovery that has not been conducted even partially to-date.[3] This discovery would include, but not be limited to, depositions of claims adjusters and managers, requests for production of claim notes from Defendant and its independent adjusters, and interrogatories and requests for admissions on the suit limitations and waiver issues. Adding the suit limitations defense at this late stage in the litigation would change this case from a factual dispute over the scope of, and cost to repair, hurricane damage, to a legal dispute over whether Plaintiff complied with a policy condition and whether Defendant potentially waived that policy condition under the circumstances of this claim.

As to Defendant's specific bases in support of its request for leave to amend, Plaintiff responded as follows:

**(1)**     If Defendant had acted with diligence as required under the "good cause" standard applicable to Rule 16, Defendant's alleged good faith mistake of omitting the suit limitations affirmative defense would have been addressed no later than April 8, 2024 when Defendant included that defense in an interrogatory response.

**(2)**     As noted above, substantial additional discovery will be required if Defendant is allowed to add this legal defense at this late stage in the litigation. The case management order

---

[2] The scheduling order has already been amended twice to allow for discovery extensions.

[3] *See e.g.*, <u>Cedar & Washington Assocs., LLC v. United States Fire Ins. Co.</u>, No. 06 CIV. 2515 (RMB), 2006 WL 8460237, at *4 (S.D.N.Y. Sept. 26, 2006) ("the question here is whether Plaintiff breached a policy condition, and it is well-settled that policy conditions can be waived.") (*quoting* <u>Albert J. Schiff Assoc., Inc. v. Flack</u>, 51 N.Y.2d 692, 698, 435 N.Y.S.2d 972, 975 (1980)).

<u>**RESPONSE TO DEFENDANT'S REQUEST FOR EXTENSION OF DEADLINE TO AMEND PLEADINGS AND LEAVE TO AMEND**</u>

will need to be amended for a third time to allow the parties to conduct factual discovery into the basis for this defense, and potential waiver of the applicable policy provision. Fact discovery is currently set to close on December 20, 2024.

**(3)**   As noted in subparagraph (1) above, Defendant should have sought leave to correct this mistake no later than April 8, 2024.  No explanation is given for why Defendant did not or could not discover this mistake or seek leave to amend at an earlier date.  *See* In re Arelma, S.A., 2023 WL 1796615, at *2 (S.D.N.Y. 2023).

**(4)**   Defendant's contention that the proposed amendment will not be futile can only be assessed by conducting substantial discovery into whether Defendant waived the suit limitations provision applicable to this claim.  *See e.g.*, Cedar & Washington Assocs., LLC v. United States Fire Ins. Co., No. 06 CIV. 2515 (RMB), 2006 WL 8460237, at *4 (S.D.N.Y. Sept. 26, 2006) (finding that failure to assert a coverage defense, when others have been asserted, can result in waiver of the unasserted defense); Id. ("the question here is whether Plaintiff breached a policy condition, and it is well-settled that policy conditions can be waived.") (*quoting* Albert J. Schiff Assoc., Inc. v. Flack, 51 N.Y.2d 692, 698, 435 N.Y.S.2d 972, 975 (1980)).

**(5)**   The supporting precedent cited by Defendant is distinguishable from the instant case.  In *Woelfle*, Judge Sessions, III found that good cause had been established because the party seeking to amend "moved swiftly after discovering the error in the pleadings." Woelfle v. Black & Decker (U.S.), Inc., No. 1:18-CV-486, 2021 WL 6797296, at *1-2 (W.D.N.Y. Mar. 10, 2021).  Here, Defendant cited the suit limitations provision in its April 2024 discovery responses, but did not seek leave to amend its Answer until December 2024.  In no way can that be considered swift or diligent.  As such, unlike in *Woelfle*, Defendant here cannot make the showing of good cause.  The other cases cited by Defendant are inapposite; they were decided solely on the Rule 15 standard applicable to amending pleadings.  *Cf.*  In re Arelma, S.A., 2023 WL 1796615, at *2 (S.D.N.Y. 2023).

Dated: December 17, 2024

Respectfully Submitted,

**MORGAN & MORGAN**

/s/ *Max Compton*

_____
William Maxwell Compton
Attorney for Plaintiff
Admitted *pro hac vice*

RESPONSE TO DEFENDANT'S REQUEST FOR EXTENSION OF DEADLINE TO AMEND
PLEADINGS AND LEAVE TO AMEND

501 Riverside Dr., Suite 1200
Jacksonville, FL 32202
Phone: (912) 443-1017
Facsimile: (912) 443- 1184
Email: MCompton@forthepeople.com

Cc: Counsel for Defendant

**RESPONSE TO DEFENDANT'S REQUEST FOR EXTENSION OF DEADLINE TO AMEND PLEADINGS AND LEAVE TO AMEND**