UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIRST BAPTIST CHURCH OF SATSUMA,
            Plaintiff,

   -against-                                1:23-cv-11031-KPF

MT. HAWLEY INSURANCE COMPANY

                    Defendant.

## SUPPLEMENTAL BRIEF SUPPORTING
## DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER

                              Respectfully submitted,

                              */s/Greg K. Winslett*
                              Greg K. Winslett (*pro hac vice*)
                              Richard L. Smith, III (*pro hac vice*)
                              Quilling Selander Lownds Winslett & Moser, PC
                              2001 Bryan St.
                              Suite 1800
                              Dallas, TX 75201
                              Telephone: (214) 871-2100
                              Fax: (214) 871-2111
                              gwinslett@qslwm.com
                              rlsmith@qslwm.com

                              and

                              Matthew Kraus
                              Andrew Furman
                              Chartwell Law
                              One Battery Park Plaza, Suite 710
                              New York, New York 10004
                              Telephone: (212) 968-2300
                              Fax: (212) 968-2400
                              mkraus@chartwelllaw.com
                              afurman@chartwelllaw.com

                              **ATTORNEYS FOR DEFENDANT MT. HAWLEY INSURANCE COMPANY**

### I. SUMMARY

Defendant Mt. Hawley Insurance Company ("Mt. Hawley") respectfully submits this supplemental brief supporting its Motion for Leave to Amend its Answer (ECF Doc. 41). As explained in the motion, Mt. Hawley seeks leave to add a single affirmative defense regarding Plaintiff's failure to comply with the provision in the subject Mt. Hawley insurance policy requiring that any legal action must be brought within two years after the date on which the direct physical loss or damage occurred. (*See also* ECF Doc. 41-1 and 41-2, clean and redlined version of the proposed amended answer). This is a first-party property insurance coverage lawsuit concerning hurricane damage to Plaintiff's commercial property allegedly caused by Hurricane Sally on September 16, 2020. This lawsuit was filed over three years later on October 11, 2023.

Although the Court's deadline for amending pleadings has passed, good cause exists to grant Mt. Hawley's motion. The affirmative defense in question was simply inadvertently omitted from Mt. Hawley's Answer in good faith, and Mt. Hawley promptly moved to rectify this situation once it was discovered. Plaintiff will suffer no prejudice from the amendment, and the amendment will not require any further scheduling order deadlines to be adjusted. Mt. Hawley has consistently relied on this defense, both prior to this litigation in its claim correspondence with Plaintiff's counsel and during this litigation in its responses to Plaintiff's discovery requests. In addition, because the affirmative defense at issue is a suit limitations defense, the relevant facts are the date the claimed loss or damage to the Property occurred and the date suit was filed – neither of which is in dispute.

Finally, the amendment would not be futile. New York law applies to this dispute pursuant to a New York choice-of-law provision in the Policy, and two-year suit limitations provisions in insurance policies are consistently enforced in New York.

## II. RELEVANT FACTS

As stated above, this is a first-party property insurance coverage lawsuit concerning Plaintiff's claim for damage to its commercial property (the "Property") allegedly caused by Hurricane Sally on September 16, 2020. (Complaint, ECF Doc. 1-3 at 21-23). The Property was insured against direct physical loss or damage (subject to all terms, conditions, exclusions, and limitations) by a policy of commercial property insurance issued by Mt. Hawley, MCP0165634, with a policy period from June 20, 2020 to June 20, 2021. (*See* **Exhibit 1-A**, certified copy of the "Policy").

The Policy contains the following provision:

**D. LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

1. There has been full compliance with all of the terms of this Coverage Part; and
2. <u>**The action is brought within 2 years after the date on which the direct physical loss or damage occurred**</u>.

(Policy at **COMMERCIAL PROPERTY CONDITIONS**) (emphasis added). Plaintiff violated this provision by filing the lawsuit more than three years after the date on which the claimed damage occurred.

Mt. Hawley sent a coverage position letter to Plaintiff's counsel on May 3, 2022, detailing Mt. Hawley's efforts to investigate the claim and explaining Mt. Hawley's claim decision (including the findings of Mt. Hawley's engineer and building consultant retained to assist with the investigation). (*See* **Exhibit 1-B**, May 3, 2022 Letter to Plaintiff's counsel). In that letter, <u>Mt. Hawley specifically advised Plaintiff of the two-year suit limitations provision and specifically quoted that provision to Plaintiff in its entirety</u>. (*Id.* at 9).

Mt. Hawley also sent follow-up correspondence to Plaintiff's counsel on August 21, 2023 in response to an engineering report Plaintiff belatedly submitted in May 2023. (*See* **Exhibit 1-C**,

August 21, 2023 Letter to Plaintiff's counsel). That letter explained that the findings of Mt. Hawley's engineer and Mt. Hawley's coverage decision remained unchanged. (*Id.*). The August 21, 2023 letter incorporated and referred Plaintiff to Mt. Hawley's May 2022 coverage letter "which outlines the policy provisions that have a bearing on coverage for this claim." (*Id.* at 6). As stated above, <u>the two-year suit limitations provision was expressly quoted in Mt. Hawley's May 3, 2022 letter</u>. Accordingly, Plaintiff's counsel was clearly placed on notice of Mt. Hawley's intent to rely on this defense multiple times prior to his filing this suit.

Having already been fully apprised of the applicable suit limitations provision, Plaintiff nevertheless waited to file its Complaint until October 11, 2023, more than three years after Hurricane Sally. (Complaint). Mt. Hawley filed its Answer and Affirmative defenses on November 27, 2023, but inadvertently omitted the two-year suit limitations provision as an affirmative defense. (*See* "Answer," ECF Doc. 3).

On April 8, 2024, Mt. Hawley served its responses to Plaintiff's first interrogatories. (*See* Mt. Hawley's Discovery Responses, ECF Doc. 41-3). In Interrogatory no. 7, Plaintiff specifically asked for the legal and factual basis for any and all policy defenses Mt. Hawley believed to be available with regard to Plaintiff's claims. (*See id.* at 4-5). Mt. Hawley specifically listed the two-year suit limitations provision in its response to Interrogatory no. 7 as a policy defense upon which Mt. Hawley intended to rely. (*Id. at 5*). These interrogatory responses were served upon Plaintiff's counsel eight months before the fact discovery cut-off in this case. Plaintiff never followed up in any fashion regarding Mt. Hawley's discovery responses or ever deposed any representative of Mt. Hawley in this case with respect to any issues.

As Mt. Hawley previously advised the Court, Mt. Hawley discovered that it had inadvertently omitted this affirmative defense while beginning to draft its pre-motion submission

for a summary judgment motion.  Mt. Hawley immediately moved to rectify this situation by filing its motion for leave to amend its answer on December 12, 2024.  (ECF Doc. 41).

### III.  LEGAL STANDARD

The deadline for motions for leave to amend pleadings had passed when Mt. Hawley filed its motion.  Under Rule 16 of the Federal Rules of Civil Procedure, a scheduling order may be modified only for "good cause."  With respect to requests for leave to amend pleadings, however, the Second Circuit has held that the lenient standard of Rule 15(a) must be balanced against the good cause requirement of Rule 16(b).  *Gorman v. Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting *Grochowski v. Phx. Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)); *see also Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014); *Kontrick v. Ryan*, 540 U.S. 443, 445, 124 S. Ct. 906, 909, 157 L. Ed. 2d 867 (2004) ("An answer may be amended to include an inadvertently omitted affirmative defense, and even after the time to amend 'of course' has passed, 'leave [to amend] shall be freely given when justice so requires.'").  The Second Circuit has also held that diligence is not the only consideration for granting leave to amend pleadings, and district courts have broad discretion to consider other factors, in particular, whether allowing the amendment will prejudice the non-moving party.  *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).  Mt. Hawley respectfully submits that leave to amend is justified in this instance.

### IV.  ARGUMENT

Even under Rule 16, which must be balanced against the more lenient standard of Rule 15(a), good cause exists to grant Mt. Hawley's motion.

1. **Good cause for the amendment exists because this was a good faith mistake, Plaintiff will not be prejudiced, and the amendment will not require any independent, additional time to conduct discovery.**

As an initial matter, Mt. Hawley's omission of the affirmative defense was a good faith mistake. At the risk of being repetitive, this is evidenced by the fact that Mt. Hawley notified Plaintiff of its intention to rely on the suit limitations provision both before and during litigation. <u>Mt. Hawley quoted the suit limitations provision in its May 3, 2022 coverage letter to Plaintiff's counsel (the same firm that is still representing Plaintiff in this lawsuit)</u>. Then, in its August 21, 2023 follow-up letter informing Plaintiff's counsel that Mt. Hawley's coverage position had not changed, Mt. Hawley specifically referenced and incorporated its May 2022 coverage letter "which outlines the policy provisions that have a bearing on coverage." Soon after the lawsuit was transferred to this Court, the parties exchanged written discovery requests. In its April 8, 2024 written discovery responses, Mt. Hawley listed the two-year suit limitations provision as one of the policy provisions that Mt. Hawley intended to rely on in this case, not realizing that defense had been inadvertently omitted from its Answer.

Against this background, Plaintiff will clearly not suffer prejudice from the proposed amendment. Plaintiff's counsel was notified of Mt. Hawley's intention to rely on the Policy's two-year suit limitations provision three separate times: in both of Mt. Hawley's pre-suit coverage decision letters to Plaintiff's counsel, and again during litigation in Mt. Hawley's discovery responses. Contrary to Plaintiff's arguments in its letter to the Court (ECF Doc. 42), no additional discovery is needed because there are only two facts relevant to this defense— the date on which the alleged loss or damage to the Property occurred and the date on which the lawsuit was filed— and neither fact is in dispute. Mt. Hawley already produced its claim notes and claim correspondence in response to Plaintiff's requests for production. Mt. Hawley already answered Plaintiff's requests for admission and interrogatories, explicitly stating its intention to rely on the two-year suit limitation provision in its interrogatory responses. Plaintiff consciously chose not to

depose any Mt. Hawley representative or conduct any further discovery in relation to Mt. Hawley's written responses. All this being said, if Plaintiff desires, Mt. Hawley would not object to reopening fact discovery for the limited purpose of allowing Plaintiff to explore the factual basis for the two-year suit limitations defense. This limited fact discovery could be accomplished during the time the Parties are afforded to complete expert discovery. As such, no additional discovery extensions would be required.

As noted above, Mt. Hawley promptly moved to rectify this omission after discovering the affirmative defense had inadvertently been left out of the Answer and Affirmative Defenses while preparing to draft its pre-motion submission for summary judgement. If Mt. Hawley had realized its mistake sooner, it would have moved for leave to amend its Answer sooner, as Mt. Hawley has cited this provision as part of its coverage position going back more than two years. Mt. Hawley respectfully submits that this is the type of scenario contemplated by the Second Circuit when it held that the lenient standard of Rule 15(a) should be balanced against the good cause requirement of Rule 16(b) with respect for requests for leave to amend. *See Gorman v. Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting *Grochowski v. Phx. Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)). This is especially true where, as here, Plaintiff knew of Mt. Hawley's intention to rely on this specific policy defense over 30 months ago.

### 2. Precedent supports Mt. Hawley's request to amend.

Case law across numerous federal courts supports Mt. Hawley's request for leave to amend its Answer to add an inadvertently omitted affirmative defense.

By way of example, Judge Sessions of the Western District of Texas granted a similar motion for leave in *Woelfle v. Black & Decker (U.S.), Inc.*, allowing the defendant to amend its answer to correct a mistaken admission that it had assembled the saw that was the subject of the

lawsuit. No. 1:18-CV-486, 2021 WL 6797296, at *1 (W.D.N.Y. Mar. 10, 2021). In that case, counsel for defendant discovered the mistake while responding to discovery requests after the original deadline to amend pleadings. The court explained that the lenient standard under Rule 15 must be balanced against the requirement for diligence under Rule 16. The court also recognized its broad discretion to consider other relevant facts beyond diligence such as whether the amendment would prejudice the plaintiff. The court noted that the balance in that case weighed heavily in favor of granting leave to amend, that defendant's counsel had established good cause by its diligence in swiftly moving to amend upon discovering the error in the pleadings, and that any potential prejudice to the plaintiff in the form of additional discovery could be cured by an extension of the discovery deadline.

Although it was decided under the Rule 15 standard, Judge Matsumoto of the Eastern District of New York likewise granted the defendant's motion to amend its pleading to include an inadvertently omitted limitations defense in *Boda v. Phelan*, No. 11-CV-00028 KAM, 2012 WL 3241213, at *2 (E.D.N.Y. Aug. 6, 2012). The court concluded that the plaintiff would not be prejudiced by the amendment because a limitations defense would not require significant additional discovery and there was no evidence of bad faith or dilatory tactics. In the instant case, the two-year suit limitations defense at issue frankly should not require any additional discovery, and Mt. Hawley did not act in bad faith. As noted above, Mt. Hawley repeatedly and clearly expressed its intention to rely on this defense to Plaintiff's counsel in both pre-suit coverage correspondence and interrogatory responses.

Finally, in *Cont'l Airlines, Inc. v. Lelakis*, 943 F. Supp. 300, 309 n.6 (S.D.N.Y. 1996), aff'd, 129 F.3d 113 (2d Cir. 1997), the court went so far as to consider an affirmative defense that had not been pled in evaluating a motion for summary judgment because leave for amend would be

freely granted if the Rule 15 requirements were met. This is particularly relevant here where, once again, Plaintiff was repeatedly advised about the two-year suit limitations provision (and Mt. Hawley's intention to rely on that provision) in pre-suit claim correspondence to Plaintiff's counsel and Mt. Hawley's discovery responses during the litigation.

### 3. The amendment would not be futile.

The Parties claims and defenses in this case are governed by New York law pursuant to the following provision in the Policy:

> **LEGAL ACTION CONDITIONS ENDORSEMENT**
>
> This endorsement adds the following to LEGAL ACTION AGAINST US elsewhere in the Policy:
>
>> All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy **shall be determined in accordance with the law and practice of the State of New York** (notwithstanding New York's conflicts of law rules).
>>
>> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company **shall be initiated in New York**. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

*See* Policy, **LEGAL ACTION CONDITIONS ENDORSEMENT** (emphasis added).

Two-year suit limitations periods in insurance policies are generally enforced under New York law. *See Francabandiero v. Nat'l Gen. Ins. Co.*, No. 22-CV-00641 (JJM), 2023 WL 2253194, at *4 (W.D.N.Y. Feb. 23, 2023), citing *Romain v. State Farm Fire and Casualty Co.*, 2022 WL 16798055, *3 (E.D.N.Y. 2022)).

## V.  CONCLUSION

For the foregoing reasons, Mt. Hawley respectfully requests that the Court grant Mt. Hawley's Motion for Leave to Amend its Answer and Affirmative Defenses.

Respectfully submitted,

*/s/ Greg K. Winslett*
Greg K. Winslett (admitted *pro hac vice*)
Richard L. Smith, III (admitted *pro hac vice*)
QUILLING SELANDER LOWNDS
WINSLETT & MOSER PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
rlsmith@qslwm.com

**ATTORNEYS FOR MT. HAWLEY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, a copy of the foregoing was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Greg K. Winslett*
Greg K. Winslett
