**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FIRST BAPTIST CHURCH OF SATSUMA,
                Plaintiff,

                                                  1:23-cv-11031-KPF

   -against-

MT. HAWLEY INSURANCE COMPANY

                Defendant.

**REPLY MEMORANDUM SUPPORTING**
**DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER**

                                        Respectfully submitted,

                                        */s/Greg K. Winslett*
                                        Greg K. Winslett (*pro hac vice*)
                                        Richard L. Smith, III (*pro hac vice*)
                                        Quilling Selander Lownds Winslett & Moser, PC
                                        2001 Bryan St.
                                        Suite 1800
                                        Dallas, TX 75201
                                        Telephone: (214) 871-2100
                                        Fax: (214) 871-2111
                                        gwinslett@qslwm.com
                                        rlsmith@qslwm.com

                                        and

                                        Matthew Kraus
                                        Andrew Furman
                                        Chartwell Law
                                        One Battery Park Plaza, Suite 710
                                        New York, New York 10004
                                        Telephone: (212) 968-2300
                                        Fax: (212) 968-2400
                                        mkraus@chartwelllaw.com
                                        afurman@chartwelllaw.com

                                        **ATTORNEYS FOR DEFENDANT MT. HAWLEY**
                                        **INSURANCE COMPANY**

### I. SUMMARY

Defendant Mt. Hawley Insurance Company ("Mt. Hawley") respectfully submits this reply brief supporting its Motion for Leave to Amend its Answer (ECF Doc. 41) to add a single affirmative defense based upon Plaintiff's undisputed violation of the following provision in the subject insurance policy:

> **D. LEGAL ACTION AGAINST US**
>
> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
> 2. **<u>The action is brought within 2 years after the date on which the direct physical loss or damage occurred</u>**.

(Policy at **COMMERCIAL PROPERTY CONDITIONS**) (emphasis added). This lawsuit arises from damages allegedly caused by Hurricane Sally, which occurred on September 16, 2020. In clear violation of the above-referenced limitation provision, this lawsuit was not filed until October 11, 2023, over three years after the storm. Mt. Hawley inadvertently omitted this policy defense from its Answer (ECF Doc. 3) despite clearly communicating its intention to rely on this Policy defense in both its pre-suit coverage denial letters to Plaintiff's counsel as well as Mt. Hawley's discovery responses submitted at the beginning of the discovery period in this case.

As a preliminary matter, Plaintiff applies an incorrect standard for motions seeking leave to amend pleadings outside of the scheduling order deadline. The correct standard, as this Court and the Second Circuit have consistently held, balances the Rule 16(b) "good cause" requirement against the more lenient standard under Rule 15(a). Diligence is not the only consideration, and district courts have broad discretion to consider other factors like prejudice to the non-moving party.

Plaintiff also incorrectly claims that it would be prejudiced by the requested amendment. To the contrary, the amendment would not change the nature of this dispute in any respect. It

remains simply a first-party property dispute regarding Plaintiff's claim that Mt. Hawley breached the subject insurance policy. The requested amendment concerns Plaintiff's violation of an express condition in the Policy which was clearly communicated to Plaintiff, through its counsel, both before and after this lawsuit was filed. Moreover, there is no valid waiver issue here that would require any form of discovery, and the cases relied upon by Plaintiff are readily distinguishable.

## II.    ARGUMENT AND AUTHORITY

### A. Plaintiff misstates the applicable legal standard.

Mt. Hawley acknowledges that the deadline for motions for leave to amend pleadings had passed when Mt. Hawley filed its motion. In this context, as this Court has expressly recognized, the lenient standard of Rule 15(a) must be balanced against the good cause requirement of Rule 16(b). *See Gorman v. Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting *Grochowski v. Phx. Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)); *see also Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014); *Kontrick v. Ryan*, 540 U.S. 443, 445, 124 S. Ct. 906, 909, 157 L. Ed. 2d 867 (2004) ("An answer may be amended to include an inadvertently omitted affirmative defense, and even after the time to amend 'of course' has passed, 'leave [to amend] shall be freely given when justice so requires.'"). Critically, diligence is clearly not the only consideration for granting leave to amend pleadings, and district courts have broad discretion to consider other factors, the most notable of which being whether allowing the amendment prejudices the non-moving party. *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

The case primarily relied upon by Plaintiff in its Response is clearly distinguishable. (*See* Response, ECF Doc. 58 (citing *In re Arelma, S.A.*, No. 19-MC-412 (LAK), 2023 WL 1796615, at

*1-2 (S.D.N.Y. Feb. 7, 2023)). In *Arelma*, the district court reversed the ruling of the magistrate judge because the magistrate judge improperly granted leave to amend under the wrong standard while completely ignoring Rule 16, which was implicated because the moving party sought leave to add four complicated affirmative defenses that necessitated the reopening of expert discovery. *See id; In re Enf't of Philippine Forfeiture Judgment Against All Assets of Arelma*, S.A., 641 F. Supp. 3d 36, 40-47 (S.D.N.Y. 2022), *rev'd sub nom. In re Arelma, S.A.*, 2023 WL 1796615. In stark contrast to *Arelma*, Mt. Hawley seeks leave to add a simple suit limitations defense based entirely upon the date of the alleged hurricane damage and the date this lawsuit was filed, both of which are undisputed facts.

In addition, *Arelma* is distinguishable because the moving party quite literally offered no explanation whatsoever for the delay and simply argued there "was no real delay because the affirmative defenses sought to be added are derived from factual allegations included in the original answer." *See In re Enf't of Philippine Forfeiture Judgment Against All Assets of Arelma*, S.A., 641 F. Supp. 3d 36, 42 (S.D.N.Y. 2022) (internal quotation marks omitted), *rev'd sub nom. In re Arelma, S.A.*, 2023 WL 1796615. Unlike Mt. Hawley's explanation for the delay in this case, *Arelma* did not involve an inadvertent omission of the proposed defenses by the moving party; the moving party had not clearly communicated their intention to rely on the proposed defenses in pre-suit correspondence to the non-movant's counsel; and the moving party did not identify the proposed defenses in its discovery responses early in the litigation. *See id.*

Mt. Hawley has explained that its failure to include the requested affirmative defense was simply an honest oversight. This is established by Mt. Hawley's express reliance on the suit limitations provisions in both its pre-suit coverage denial letters to Plaintiff's counsel and its April 8, 2024 discovery responses. Plaintiff contends that there is no evidence to support Mt. Hawley's

contention that it promptly moved to amend after discovering this omission. That position basically suggests evidence is required to show the non-existence of a fact, namely, that Mt. Hawley did not discover its mistake until days before it moved for leave to amend. Mt. Hawley has already explained the delay and its prompt action to move for leave once it realized the omission. Mt. Hawley did not act in bad faith or intentionally delay its motion, and there was certainly no advantage to be gained by doing so. Given Mt. Hawley's consistent reliance on this provision in all correspondence with Plaintiff's counsel except for its Original Answer, the delay is not inordinate or inexcusable.

**B. Plaintiff would not be prejudiced by the amendment, and there is no valid waiver issue that would require additional discovery.**

As an initial matter, the proposed amendment would obviously not change the nature of this lawsuit, as Plaintiff erroneously suggests. This lawsuit is, and will remain, a straightforward dispute regarding Plaintiff's claim that Mt. Hawley breached the subject insurance policy by not paying storm-related damages. The scope and cost of the alleged storm damage to Plaintiff's property will still be at issue. The proposed amendment simply concerns Plaintiff's undisputed violation of the subject insurance policy's express two-year suit limitations provision that, as explained in Mt. Hawley's Motion, was set forth and communicated to Plaintiff's counsel numerous times in pre-suit coverage letters. Plaintiff chose to pursue this lawsuit with full knowledge of the Policy's suit limitations provision and chose not to conduct any discovery related to the suit limitation issue even after it was identified by Mt. Hawley in its interrogatory responses as a defense in this case.

Furthermore, Mt. Hawley did not waive the two-year suit limitations condition as a matter of law. Even if there was a valid question regarding waiver (which there is not) all relevant discovery has already occurred. The single case relied upon by Plaintiff to argue waiver is

completely distinguishable.  (*See* Response at n. 4 (citing *Cedar & Washington Assocs., LLC v. United States Fire Ins. Co.*, No. 06 CIV. 2515 (RMB), 2006 WL 8460237, at *4 (S.D.N.Y. Sept. 26, 2006)).  In *Cedar & Washington*, the court held that the defendant had <u>not</u> waived its two-year suit limitations defense (based on the exact same provision at issue here) because the coverage denial letter, which did not specifically reference the provision, contained general language reserving defenses not specifically raised in the letter.  *Id.* at *5 (quoting *Heiser v. Union Cent. Life Ins. Co.*, No. 94-CV-179, 1995 WL 355612, at *5 (N.D.N.Y. June 12, 1995) ("Because Defendant's letter rejecting plaintiff's claim contained a reservation of defenses not raised ..., it cannot be said that defendant, by word or act, intended to abandon [the Two-Year Suit Condition] as a ground for denial of claim....")).

In this case, Mt. Hawley did not waive the two-year suit limitations defense as a matter of law because Mt. Hawley <u>specifically quoted and reserved</u> its right to assert that suit limitations defense in its May 3, 2022 coverage letter to Plaintiff's counsel.  Once again, in its August 21, 2023 follow-up letter informing Plaintiff's counsel that Mt. Hawley's coverage position had not changed, Mt. Hawley specifically referenced and expressly reaffirmed its May 2022 coverage position letter "which outlines the policy provisions that have a bearing on coverage."  Both the May 3, 2022 letter and August 21, 2023 letter also contain the following statement:  "Please be advised that we are not waiving our rights to assert any other rights or defenses under the policy or applicable law."

Plaintiff's disingenuous contention that "substantial discovery" would be required by this amendment is blatantly false.  It is undisputed that the lawsuit was filed more than two years after the date on which the claimed damage was incurred, and Mt. Hawley's coverage letters expressly quoting and relying on the two-year suit limitations provision (which were addressed and sent to

Plaintiff's counsel of record before the lawsuit was filed) have already been produced during discovery. It is certainly hard to imagine any other discovery that would conceivably be relevant to this issue. Regardless, as it has previously advised, Mt. Hawley will not oppose whatever limited discovery Plaintiff feels is necessary concerning the two-year suit limitations defense. Any such discovery could be accomplished during the time the Parties are afforded to complete expert discovery in this case.

### III.   CONCLUSION

For the foregoing reasons, Mt. Hawley respectfully requests that the Court grant Mt. Hawley's Motion for Leave to Amend its Answer and Affirmative Defenses.

Respectfully submitted,

*/s/ Greg K. Winslett*
Greg K. Winslett (admitted *pro hac vice*)
Richard L. Smith, III (admitted *pro hac vice*)
QUILLING SELANDER LOWNDS
WINSLETT & MOSER PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
rlsmith@qslwm.com

**ATTORNEYS FOR MT. HAWLEY INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, a copy of the foregoing was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Greg K. Winslett*
Greg K. Winslett