UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FIRST BAPTIST CHURCH OF SATSUMA,

Plaintiff,

-v.-

MT. HAWLEY INSURANCE COMPANY,

Defendant

---

23 Civ. 11031 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

After removing this property insurance dispute to federal court,

Defendant Mt. Hawley Insurance Company ("Mt. Hawley") answered the

complaint filed by Plaintiff First Baptist Church of Satsuma ("Satsuma") on

November 27, 2023.  However, Mt. Hawley neglected to include a dispositive

affirmative defense in the answer — namely, that a two-year suit limitations

provision in the insurance policy it issued to Satsuma barred this case, which

was filed more than three years after the relevant incident.  Before the Court is

Mt. Hawley's motion to amend the answer so that it can add the affirmative

defense.  For the reasons set forth below, the Court denies that motion.

## BACKGROUND[1]

### A.    Factual Background

Satsuma is the owner of property located at 5600 Old Highway 43 in

Satsuma, Alabama.  (Compl. ¶ 1).  During the relevant period of this case,

---

[1]    This Opinion draws its facts from Plaintiff's Complaint ("Compl." (Dkt. #1-3)), the well-
pleaded allegations of which are taken as true for purposes of this Opinion, and
Defendant's Notice of Removal ("NOR" (Dkt. #1)).  *See Ashcroft* v. *Iqbal*, 556 U.S. 662,
678-79 (2009).  The Court also relies, as appropriate, on the declaration of Adam Kotara
in support of Mt. Hawley's motion to amend the answer ("Kotara Decl." (Dkt. #57)) and

Satsuma's property was insured by Mt. Hawley. (*Id.* ¶ 7). Satsuma is a not-for-profit, religious corporation organized under the laws of Alabama, with its principal place of business in Alabama. (NOR ¶ 7). Mt. Hawley is an insurance company organized under the laws of Illinois, with its principal place of business in Illinois. (*Id.* ¶ 8).

On or about September 16, 2020, Hurricane Sally swept through the Alabama Golf Coast and the Florida Panhandle. (Compl. ¶ 6). That day, Satsuma's property suffered severe damage because of the wind and rain generated by Hurricane Sally. (*Id.* ¶ 8). Thereafter, Satsuma promptly reported the loss to Mt. Hawley, which estimated the amount of damage to be $69,314.07. (*Id.* ¶¶ 9, 11). After applying the insurance policy's deductible and recoverable depreciation, Mt. Hawley paid Satsuma $27,598.10 for undisputed damage to the property. (*Id.* ¶ 12). However, Satsuma believed that the total amount of damage to the property was higher, contending that the cost of repair exceeded $69,314.07 and that it was therefore entitled to more than $27,598.10 under the terms and conditions of Mt. Hawley's property insurance policy. (*Id.* ¶¶ 13-15). According to Satsuma, Mt. Hawley failed to make payment for the full amount of loss and to indemnify Satsuma for the damage to the property caused by Hurricane Sally. (*Id.* ¶¶ 16-17).

---

the exhibits attached thereto ("Kotara Decl., Ex. [ ]"); and Exhibit 1 attached to Satsuma's opposition to Mt. Hawley's motion to amend the answer ("Pl. Opp., Ex. 1").

For ease of reference, the Court refers to Mt. Hawley's memorandum of law in support of its motion to amend the answer as "Def. Br." (Dkt. #56); to Satsuma's memorandum of law in opposition as "Pl. Opp." (Dkt. #58); and to Mt. Hawley's memorandum of law in reply as "Def. Reply" (Dkt. #59).

**B.      Procedural History**

On October 11, 2023, Satsuma filed a complaint against Mt. Hawley in Alabama state court with one cause of action for breach of contract, alleging that Mt. Hawley failed to pay for Satsuma's rightful coverage under the property insurance policy.  (Compl. ¶¶ 18-22; *see generally id.*).  Mt. Hawley promptly removed the case to federal court in the Southern District of Alabama on November 20, 2023, citing diversity jurisdiction as its basis of removal. (Dkt. #1; NOR ¶ 4).  A week later, on November 27, 2023, Mt. Hawley filed its answer, which is at the center of the instant motion.  (Dkt. #3).  The same day, Mt. Hawley filed a motion to transfer venue to the Southern District of New York.  (Dkt. #4).  Satsuma did not oppose the motion (Dkt. #10), and the Southern District of Alabama granted Mt. Hawley's motion on December 15, 2023 (Dkt. #11).  On December 20, 2023, this case was transferred to the Southern District of New York and assigned to the undersigned.  (Dkt. #12).

Before this Court, the parties agreed to proceed directly to discovery according to the timeline in their proposed Civil Case Management Plan and Scheduling Order, which the Court entered on February 6, 2024.  (Dkt. #21, 22).  At the parties' request, the Court extended the discovery timeline three times and entered four different Civil Case Management Plans and Scheduling Orders altogether, each with its own 30-day deadline for the parties to file any motion to amend their pleadings.  (Dkt. #22, 30, 31, 36, 37, 39, 40).  On December 12, 2024, after the 30-day deadline in the final Civil Case Management Plan and Scheduling Order had passed (*see* Dkt. #40), Mt. Hawley

3

filed a request for an extension of time to amend the answer to add the affirmative defense of a two-year suit limitations provision, which would bar this action (Dkt. #41).  Satsuma opposed the request.  (Dkt. #42).  The final Civil Case Management Plan and Scheduling Order stated that "[a]mended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order."  (Dkt. #40 at 1).

On January 2, 2025, the Court held a post-fact-discovery pretrial conference to address several issues, including Mt. Hawley's request for leave to file a motion to amend the answer after the deadline, and decided to refer the parties to Magistrate Judge Valerie Figueredo for an attempt at settlement, thus deferring any substantive motions.  (January 2, 2025 Minute Entry; Dkt. #47).  The parties' efforts at settling the case were ultimately unsuccessful, and on February 14, 2025, the Court directed the parties to propose a briefing schedule on Mt. Hawley's motion to amend the answer.  (Dkt. #53).  According to the schedule, which the Court approved (Dkt. #55), Mt. Hawley filed its motion and supporting papers on March 7, 2025 (Dkt. #56, 57).  Satsuma filed its opposition and supporting papers on March 21, 2025.  (Dkt. #58).  And on March 28, 2025, Mt. Hawley filed its reply.  (Dkt. #59).

4

**DISCUSSION**

## A.    Applicable Law

A party's ability to amend its pleading "is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought." *Sacerdote* v. *N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). Rule 15(a)(1) allows for amendment as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) applies to other amendments, providing that "a party may amend its pleading only with the opposing party's written consent or the court's leave" outside of 21 days and instructing courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman* v. *Davis*, 371 U.S. 178, 182 (1962) (instructing that the mandate that leave to amend should "'be freely given when justice so requires' … is to be heeded" (quoting Fed. R. Civ. P. 15(a))); *Ruffolo* v. *Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam). Finally, when amendment is discussed in a scheduling order, a party may amend its pleading "only up[on] a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." *Sacerdote*, 9 F.4th at 115; *see* Fed. R. Civ. P. 16(b)(4).

Here, because the Court has entered a scheduling order that governs the parties' ability to amend their pleadings (*see* Dkt. #40), "the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement in Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause," *Gorman* v.

*Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (internal quotation marks omitted) (quoting *Grochowski* v. *Phx. Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)).  The Second Circuit has specifically instructed that despite the standard of Rule 15(a), a district court "does not abuse its discretion in denying leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order."  *Kassner* v. *2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007).

With respect to the Rule 16(b) standard, "good cause depends on the diligence of the moving party."  *Kassner*, 496 F.3d at 243 (internal quotation marks omitted) (quoting *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)); *see also Gorman*, 2014 WL 7404071, at *2 ("Whether good cause exists requires the court to inquire into the 'diligence of the moving party'" (quoting *Holmes* v. *Grubman*, 568 F.3d 329, 335 (2d Cir. 2009))).  "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors," including prejudice to the other party as well as the futility of amendment.  *Kassner*, 496 F.3d at 244; *Gorman*, 2014 WL 7404071, at *2.

**B.    The Court Denies Mt. Hawley's Motion to Amend**

### 1.    Mt. Hawley Has Failed to Establish Good Cause Because It Was Not Diligent

Mt. Hawley acknowledges that it filed the instant motion after the deadline in the final Civil Case Management Plan and Scheduling Order had

passed and that the good-cause standard in Rule 16(b) applies.  (Def. Br. 4; Def. Reply 2).  Nevertheless, Mt. Hawley argues that the good-cause standard must be balanced against the more lenient standard in Rule 15(a), and that good cause for amendment exists because it made a good-faith mistake, Satsuma would not be prejudiced, and amendment would not be futile.  (Def. Br. 4-8; Def. Reply 2-6).

"[W]hen determining whether a party has satisfied Rule 16(b)'s good cause standard, the key inquiry is diligence."  *Int'l Techs. Mktg., Inc.* v. *Verint Sys., Ltd.*, No. 15 Civ. 2457 (GHW), 2019 WL 1245013, at *3 (S.D.N.Y. Mar. 18, 2019); *see also Fresh Del Monte Produce, Inc.* v. *Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014) ("The 'good cause' inquiry turns on the diligence of the party seeking to modify the scheduling order.").  The moving party — here, Mt. Hawley — bears the burden of establishing diligence.  *Fresh Del Monte Produce*, 304 F.R.D. at 175.  Specifically, "[a] party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline."  *Id.* at 174-75 (internal quotation marks omitted) (quoting *Christians of Cal., Inc.* v. *Clive Christian N.Y., LLP*, No. 13 Civ. 275 (KBF) (JCF), 2014 WL 3605526, at *4 (S.D.N.Y. July 18, 2014)).

Given the importance of diligence, the Court starts by evaluating this factor.  Mt. Hawley contends that its omission of the affirmative defense was a good-faith mistake, which is "evidenced by the fact that Mt. Hawley notified Plaintiff of its intention to rely on the suit limitations provision both before and

7

during litigation." (Def. Br. 5). *First*, Mt. Hawley points to pre-suit correspondence between itself and Satsuma, in which Mt. Hawley quoted the suit limitations provision in its discussions of coverage in a May 3, 2022 letter as well as an August 21, 2023 follow-up letter. (*Id.*; *see* Kotara Decl., Ex. B, Ex. C). *Second*, Mt. Hawley references its April 8, 2024 written discovery responses to Satsuma's interrogatories, in which Mt. Hawley listed the suit limitations provision without "realizing that [the] defense had been inadvertently omitted from [Mt. Hawley's] Answer." (Def. Br. 5; *see* Pl. Opp., Ex. 1). According to Mt. Hawley, it "would have moved for leave to amend … sooner" had it realized its mistake sooner. (Def. Br. 6).

The Court is not convinced that Mt. Hawley has satisfied its burden of demonstrating diligence. The Court acknowledges that Mt. Hawley likely "did not act in bad faith or intentionally delay its motion" to amend (Def. Reply 4), but Mt. Hawley cannot be considered as having acted diligently when the information on which its proposed amendment is based — that its property insurance policy includes a two-year suit limitations provision — was known to Mt. Hawley well in advance of the motion deadline, *see Fresh Del Monte Produce*, 304 F.R.D. at 174-75. As Satsuma points out, that Mt. Hawley raised the suit limitations provision in its pre-litigation correspondence with Satsuma as well as in its discovery responses is insufficient for purposes of pleading an affirmative defense according to the requirements of Federal Rule of Civil Procedure 8(c). *See, e.g., Broker Genius Inc.* v. *Seat Scouts LLC*, No. 17 Civ. 8627 (SHS), 2019 WL 3000963, at *5 (S.D.N.Y. July 10, 2019). (Pl. Opp. 5-7).

8

To the contrary, the pre-litigation correspondence and discovery responses indicate to the Court that Mt. Hawley was aware of the critical importance of the suit limitations provision and should have confirmed that it was among the affirmative defenses to Satsuma's claim.  Moreover, given the number of discovery extensions that the Court granted, Mt. Hawley had several opportunities to realize its mistake and move to amend the answer within the time limits set by the various Civil Case Management Plans and Scheduling Orders.  But Mt. Hawley waited almost a year after the first Civil Case Management Plan and Scheduling Order was entered on the docket to file its motion to amend, thus further reflecting its lack of diligence.[2]

### 2. The Prejudice and Futility Factors Do Not Overcome Mt. Hawley's Lack of Diligence

In addition to diligence, the Court may also consider other relevant factors in assessing good cause, including prejudice to the non-moving party as well as the futility of the amendment.  *See Kassner*, 496 F.3d at 244; *Gorman*, 2014 WL 7404071, at *2.  Mt. Hawley contends that the amendment would not be prejudicial, as Satsuma has been notified of the suit limitations provision through pre-suit correspondence and Mt. Hawley's discovery responses, and no

---

[2]    Mt. Hawley cites several cases in which courts in this Circuit have granted motions to amend based on good-faith mistakes of omission, but all of them are inapposite. (*See* Def. Br. 6-8).  In one case, the defendant realized its mistake as soon as it received the plaintiff's discovery requests and asked the plaintiff for permission to amend the answer on several occasions, apparently unaware that plaintiff's counsel was on parental leave. *See Woelfle* v. *Black & Decker (U.S.), Inc.*, No. 18 Civ. 486 (WKS), 2021 WL 6797296, at *1 (W.D.N.Y. Mar. 10, 2021).  The court there was thus convinced of the defendant's diligence. *Id.* at *2. And in the remaining two cases, the courts did not evaluate amendment under the good-cause standard in Rule 16. *See Boda* v. *Phelan*, No. 11 Civ. 28 (KAM), 2012 WL 3241213, at *1-2 (E.D.N.Y. Aug. 6, 2012) (applying only Rule 15); *Cont'l Airlines, Inc.* v. *Lelakis*, 943 F. Supp. 300, 309 n. 6 (S.D.N.Y. 1996) (same).

additional discovery is needed on this issue.  (Def. Br. 5-6; Def. Reply 4-6).
Satsuma, however, believes that such an amendment would require a drastic
change in the scope and timing of discovery and would thus be prejudicial at
this stage of litigation.  (Pl. Opp. 4-5).

In gauging prejudice, the Court considers, "among other factors, whether
an amendment would require the opponent to expend significant additional
resources to conduct discovery and prepare for trial or significantly delay the
resolution of the dispute."  *Fresh Del Monte Produce*, 304 F.R.D. at 174
(internal quotation marks omitted) (quoting *Ruotolo* v. *City of New York*, 514
F.3d 184, 192 (2d Cir. 2008)).  Here, it is true that the Court may need to
reopen discovery to allow Satsuma to explore issues related to the suit
limitations provision, and the Court agrees that Mt. Hawley's proposed
amendment comes at quite a late stage in this litigation.  (*See* Pl. Opp. 4-5).
However, the Court also believes that "allegations that an amendment will
require the expenditure of additional time, effort, or money do not themselves
constitute undue prejudice," *Fresh Del Monte Produce*, 304 F.R.D. at 174
(internal quotation marks omitted) (quoting *Christians of Cal.*, 2014 WL
3605526, at *5), especially given that Mt. Hawley does not oppose "whatever
limited discovery Plaintiff feels is necessary concerning the two-year suit
limitations defense" (Def. Reply 6).

Moreover, Mt. Hawley argues — and Satsuma does not oppose — that
the amendment would not be futile, especially given that the two-year suit
limitations provision would bar a case filed outside of the time limit if enforced.

10

(*See* Def. Br. 8).  The Court agrees that such an amendment would not be futile.  In fact, the suit limitations provision may be a dispositive defense.

Nevertheless, it is ultimately this Court's discretion to consider factors such as prejudice and futility and determine whether to grant a motion to amend where the moving party has not met its burden of diligence.  *See Fresh Del Monte Produce*, 304 F.R.D. at 176.  In this case, the Court believes that Mt. Hawley's lack of diligence despite its awareness of the dispositive nature of the suit limitations provision and its many opportunities to move to amend within the timelines set by the four Civil Case Management Plans and Scheduling Orders outweighs other factors that may have persuaded the Court to rule in its favor.  And the Court is confident that it has not abused its discretion in denying Mt. Hawley's motion based on diligence, which remains the primary consideration in applying the good-cause standard.  *See Kassner*, 496 F.3d at 243-44.

**CONCLUSION**

For the foregoing reasons, Mt. Hawley's motion to amend the answer is DENIED.  The parties are directed to jointly propose next steps on or before **June 2, 2026**.

SO ORDERED.

Dated:    May 19, 2026
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

11
